■ JOHN REBER BAKING CORPORATION v. GEORGE CHAMBRELLI et al., Copartners Doing Business as CHAMBRELLI BROS.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Botein, Frank and Valente, JJ. [See ante, p. 741.]

■ ROBERT H. EVERITT v. DEBORAH R. EVERITT, Also Known as DEBORAH G. ROOD.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [See ante, p. 413.]

■ WILLIAM L. DU BOIS, JR., an Infant, by WILLIAM L. DU BOIS, His Guardian ad Litem, et al., Respondents, v. NATIONAL ESTATES, INC., et al., Defendants, and GEORGE KINNEY, Doing Business as ACE WATERPROOFING COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [See ante, p. 818.]

■

## (May 14, 1957)

■ In the Matter of F. & M. SCHAEFER BREWING COMPANY, Petitioner, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, Respondent.— Determination unanimously confirmed, with $50 costs and disbursements to the respondent and the petition dismissed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent, v. GEORGE ARGIANAS et al., Defendants, .and GEORGE LANTZOUNIS, Appellant.— Judgment, so as appealed from, unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE PEREZ and JOHN MANGI, Appellants.— Judgment entered against George Perez, and judgment entered against John Mangi, unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ DUDLEY J. MORTON, Respondent, v. CHARLES W. BREIMER, Appellant. — Order affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, Botein, Rabin and Bergan, JJ. Peck, P. J., dissents and votes to reverse and grant the motion to dismiss the complaint with leave to replead in the following memorandum: It may be that the transaction here was usurious but the complaint lacks a sufficient statement of facts to show usury. The complaint does no more than attach two documents and concludes that they constitute usury. I would not say that the documents alone, without any showing of the surrounding facts and circumstances revealing a usurious intent, would constitute usury.

■ FLORENCE BREITWEISER et al., Respondents, v. SONOTONE CORPORATION, Appellant.— Judgment unanimously reversed and a new trial ordered, with costs to the appellant, upon the ground of excessiveness of verdict, unless plaintiffs stipulate to reduce the verdict in favor of the plaintiff Florence Breitweiser to the sum of $5,000 in which event the judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ ELEANOR ROZIER, Respondent, v. CLAUDE M. McAFEE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.